OLMEDO, DEMANDANTE Y APELADO, *v.* ORTIZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre daños y perjuicios.

No. 2540.—Resuelto en junio 15, 1922.

DESESTIMACIÓN DE APELACIÓN.—ALEGATO INSUFICIENTE.—Cuando el alegato del apelante no contiene una breve relación del caso y el señalamiento de errores que exigen las reglas 42 y 43 del Reglamento del Tribunal Supremo, procede declarar con lugar una moción del apelado para desestimar la apelación.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Charles Hartzell y F. Ramírez de Arellano.*

Abogado del apelado: *Sr. A. Aponte, Jr.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

La parte demandada y apelante para sostener su recurso contra la sentencia que lo condenó a pagar cierta cantidad de dinero como indemnización de daños y perjuicios nos ha presentado un alegato que carece de la relación de la causa tal como consta en los autos y también de una exposición de los errores en que funda su recurso, indicando separadamente cada error, requisitos que exigen las reglas 42 y 43 de nuestro reglamento, y se ha limitado a hacer una crítica de las declaraciones prestadas por los testigos en el juicio y a suposiciones que no encuentran apoyo en la evidencia, sin haber hecho tampoco citas de precepto legal alguno infringido por la sentencia apelada ni de los errores que haya podido cometer la corte sentenciadora.

Al contestar ese alegato la parte apelada llamó la aten-

ción de esta corte a la forma en que está redactado el ale-
gato del apelante pero éste no ha subsanado su alegato y
no asistió a la vista del recurso el día señalado y en ella
la parte apelada nos pidió que desestimáramos el recurso de
apelación por los motivos expresados.

Hemos decidido varias veces, desde hace mucho tiempo,
que con un alegato como el que se nos ha presentado en este
caso, desestimaremos la apelación. Así, según los *syllabus*
de los casos que citaremos, hemos resuelto en el de *Suro* v.
*Prado,* 29 D. P. R. 361, lo siguiente:

"Un alegato en el que meramente se copian las alegaciones y la
opinión de la corte y en el que se pretende discutir supuestos errores
sin hacerse una breve relación de los hechos y un claro señalamiento
de tales errores, no cumple con los requisitos exigidos por las reglas
42 y 43 del Reglamento del Tribunal Supremo por lo cual procede
la desestimación del recurso."

En el de *Mazarredo* v. *Ramírez,* 29 D. P. R. 796, que:

"Un señalamiento de errores es por su naturaleza como una ale-
gación, y en la corte de último recurso juega el mismo papel que
una demanda en la corte de jurisdicción original. El objeto del se-
ñalamiento de errores es apuntar los errores específicos que se alega
haber sido cometidos por la corte inferior, con el fin de exponer a
la vista de la corte de revisión y de los abogados de la parte con-
traria los puntos sobre que los abogados del apelante se proponen
solicitar la revocación de la sentencia o decreto, y limitar la discu-
sión a esos puntos."

El de *Goble & Jiménez* v. *Truyol & Co.,* 27 D. P. R. 392,
es así:

"Cuando el alegato del apelante no contiene una relación de la
causa tal como conste en los autos, ni una exposición de los errores
en que se funda el recurso, procede desestimar la apelación."

Y en el caso de *Díaz et al.* v. *Cividanes,* 29 D. P. R. 582,
586, se dice:

"Se supone que el alegato es el conductor del abogado que lleva
a la corte los hechos esenciales del caso de su cliente, la exposición

de las cuestiones legales envueltas, la ley que él hubiera aplicado y la aplicación que él desea se dé por la corte. Cuando el alegato se presenta a una corte de apelación debe indicar a esa corte cuáles de las muchas objeciones y excepciones que generalmente se encuentran en la transcripción desea el apelante que la corte revise. A este fin debe asumirse que el conocimiento de la corte no incluye los hechos del caso en particular, o los errores especiales de la corte sentenciadora en los cuales se funda el apelante para anular la sentencia o resolución  *  *  * .

"Las palabras 'que contendrá una relación fiel y concisa de la causa tal como conste en los autos,' tienen una significación definida, resultado de la experiencia de las cortes por mucho tiempo. Las palabras esencialmente significan que sería innecesario para la corte examinar los autos para determinar cuáles son los hechos esenciales sino solamente con el objeto de comprobarlos o averiguar hechos controvertidos. El apelante está obligado a hacer que la reseña de su caso conste en su alegato de modo que la corte pueda saber por ella cuáles son las cuestiones litigiosas envueltas."

De acuerdo, pues, con la regla 60 de nuestro reglamento, la apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la vista de este caso.